IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK JOSEPH DESALVO,
    Plaintiff,

vs.                                     Case No. 3:11cv420/RV/CJK

PUBLIC DEFENDER'S OFFICE, et al.,
    Defendants.

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion for leave to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, however, the court concludes that plaintiff has not presented and cannot present an actionable § 1983 claim. Therefore, dismissal of this case is warranted.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Santa Rosa County Jail. (Doc. 1, p. 2). His complaint names four defendants: Public Defender James Owens, Assistant Public Defender Katina Hardy, Conflict Counsel Charles Russell, and Conflict Counsel Mike Floury. (*Id*.). Plaintiff alleges that he was arrested on February 12, 2010, and that the Public Defender's Office was appointed to represent him on February 24,

2010. (*Id*., p. 5). Approximately one month later, the Public Defender withdrew and Conflict Counsel was appointed. (*Id*.). Plaintiff complains that over the course of his 19-month imprisonment, counsel: (1) has not come to see him at the jail, (2) has not responded to plaintiff's letters and (3) waived plaintiff's right to a speedy trial without his knowledge. (*Id*.). Asserting claims of "neglect, malpractice, cruel punishment, and mental anguish," plaintiff seeks compensatory damages in the amount of $500,000.00 for "loss of residence, truck, job, & tools & mental anguish & suffering." (*Id*., p. 7).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe

the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

Taking the allegations of plaintiff's complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Plaintiff's claims against the defendants are based on allegations that during their representation of plaintiff in his criminal case, the defendants failed to communicate with him and waived his right to a speedy trial. The defendants' actions fall squarely under *Dodson.* Because the defendants were not acting under color of state law when they engaged in the alleged

unconstitutional conduct, plaintiff's claims against them cannot proceed under § 1983 and must be dismissed. *Dodson*, 454 U.S. at 325, 102 S. Ct. at 453.

To the extent plaintiff's *pro se* complaint may be liberally construed as raising claims under state law, the court lacks jurisdiction over this action, as plaintiff fails to establish the requirements for diversity jurisdiction, or any other basis for this court's jurisdiction. *See* 28 U.S.C. § 1332. Although a district court may, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that the court decline to exercise such jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

As a final note, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to plaintiff filing them in the appropriate state court.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of September, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).